UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PRINCE JONES, *et al.*,  )
                         )
        Plaintiffs,  )
                         )  Case: 1:16-cv-02142 Jury Demand
v.                       )  Assigned To : Unassigned
                         )  Assign. Date : 10/25/2016
MURIEL BOWSER, *et al.*, )  Description: Pro Se Gen. Civil (F Deck)
                         )
        Defendants.  )

## **MEMORANDUM OPINION**

This matter is before the Court on plaintiffs' applications to proceed *in forma pauperis* and their *pro se* civil complaint. The applications will be granted, and the complaint will be dismissed.

The plaintiffs bring this civil rights action under 42 U.S.C. § 1983 against the Mayor of the District of Columbia and the members of the Council of the District of Columbia. They appear to allege that the defendants collectively have violated their constitutional rights by enacting the criminal statutes pursuant to which the plaintiffs have been convicted and incarcerated. The plaintiffs thus must endure the severe restrictions inherent in their incarceration at a federal penitentiary. They demand a declaratory judgment, compensatory damages of $5,400,000,000, and punitive damages of $1,950,000,000.

The Court presumes that the plaintiffs are serving sentences imposed by the Superior Court of the District of Columbia for violations of D.C. Code provisions. Insofar as the plaintiffs challenge their criminal convictions, they are expected to proceed in the Superior Court by motion under D.C. Code § 23-110. Section "23-110 provides that prisoners 'in custody under

*16*

sentence' of the District of Columbia Superior Court 'may move the court to vacate, set aside, or correct the sentence' on a number of grounds, including that 'the sentence was imposed in violation of the Constitution of the United States of the laws [or] the District of Columbia' or that 'the sentence is otherwise subject to collateral attack.'" *Mills v. United States*, No. 98-134, 2006 WL 2983012, at *3 (D.D.C. Oct. 17, 2006) (quoting D.C. Code § 23-110(a)); *see Sanders v. Caraway*, 859 F. Supp. 2d 78, 80 (D.D.C. 2012) ("It is established that challenges to a Superior Court judgment of conviction must be pursued in that court under D.C. Code § 23-110.").

With respect to the plaintiffs' demands for damages, the Supreme Court instructs:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). The plaintiffs do not demonstrate that their convictions or sentences have been reversed or otherwise invalidated, and, therefore, their claims for damages fail. *See, e.g., Johnson v. Williams*, 699 F. Supp. 2d 159, 171 (D.D.C. 2010), *aff'd sub nom. Johnson v. Fenty*, No. 10-5105, 2010 WL 4340344 (D.C. Cir. Oct. 1, 2010).

The Court will dismiss the complaint because it fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) , 1915A(b). An Order is issued separately.

DATE: 10/24/2016

_____
United States District Judge